UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| MICHAEL PETERSON, | ) C/A No.: 4:12-00595-CMC-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| CAPTAIN NICK GALLAM, | ) |
| Defendant. | ) |

**PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on March 5, 2012. Plaintiff alleges that his constitutional rights were violated by Defendant. On May 31, 2012, Defendant filed a motion for summary judgment. As the Plaintiff is proceeding *pro se*, the court issued an order on or about June 4, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendant's motion for summary judgment or the court's order requiring him to respond.[2] No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

---

[2] In the motion for summary judgment, Defendant asserts the claims are moot because Plaintiff was released from custody of the Aiken County Detention Center on April 19, 2012. Defendants submitted the affidavit of Nicholas Gallam, Captain for the Aiken County Sheriff, assigned to the Aiken County Detention Center (ACDC). Gallam attests that Plaintiff was housed at the ACDC from February 2, 2012, until his release for time served on April 19, 2012. (*See* Gallam affidavit and attachments).

It is also noted that Plaintiff filed a notice of change of address with this court on May 2, 2012. (Doc. #16).

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 10, 2012
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**